[Cite as *State v. Hayes*, 2019-Ohio-1609.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18 CA 11 |
| ROSE HAYES | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:   Criminal Appeal from the Court of Common
Pleas, Case No.  17 CR 11 0274


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:   April 29, 2019


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHARLES T. McCONVILLE    KEVIN J. GALL
PROSECUTING ATTORNEY    33 West Main Street
117 East High Street, Suite 234   Suite 109
Mount Vernon, Ohio  43050    Newark, Ohio  43055

*Wise, J.*

{¶1}   Defendant-Appellant Rose M. Hayes appeals her sentence entered in the Knox County Common Pleas Court following a guilty plea to one count of Aggravated Possession of Drugs and one count of Possessing Drug Abuse Instruments.

{¶2}   Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3}   The relevant procedural facts leading to this appeal are as follows.

{¶4}   On November 7, 2017, the Knox County Grand Jury indicted Rose Hayes on one count of Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. §2925.11(A), and one count of Possessing Drug Abuse Instruments, a misdemeanor of the second degree, in violation of R.C. §2925.12(A).

{¶5}   The Indictment alleged that the conduct occurred October 4, 2017. At the time she committed the offense in this case, Appellant was under indictment in Knox County Court of Common Pleas Case 17CR08-0172 for Permitting Drug Abuse, a felony of the fifth degree. (Docket, Case No. 17CR08-0172).

{¶6}   On April 27, 2018, Appellant entered a plea of guilty to both counts of the Indictment in 17CR11-0274. Having previously been found guilty following a jury trial in Case No. 17CR08~0172, the Knox County Court of Common Pleas sentenced her on both cases.

{¶7}   At the sentencing hearing, the trial court sentenced Appellant to eleven (11) months imprisonment in Case No. 17CR08-0172. (Sent. Entry, Apr. 27, 2018). In Case No.17CR11-0274, the trial court sentenced Appellant to nine (9) months imprisonment on Count One; and two (2) months of imprisonment on Count Two. The sentences on the

two counts were ordered to be served concurrently to each other, and consecutively to the sentence in Case No. 17CR08-0172. (Sent. Entry, Apr. 27, 2018).

**{¶8}** During the sentencing hearing, the trial court stated that Appellant had allowed a known drug dealer to move into her house and had created a risk to the neighborhood and to law enforcement in apprehending him. (Sent. T. at 15). The trial court also noted that Appellant committed the offense in Case No. 17CR11-0274 while awaiting trial on Case No. 17CR08-0172. (Sent. T. at 17). Additionally, the court noted that Appellant was not amenable to community control and provided reasons for such finding. (Sent. T. at 16:1-18). Appellant had been screened for treatment at the West Central Community Based Correctional Facility, but was combative with the screener and stated that she did not need the help the CBCF could provide. *Id.*

**{¶9}** In imposing a prison sentence the trial court explained "I just don't know what else to do with you." *Id.* The court also stated that law enforcement had to put extra effort into abating the nuisance that was created by the drug dealing at Appellant's residence. (Sent T. 18:1-4). This information was before the court from Det. DeChant's testimony in Case No. 17CR08-0172. (Trial T. at 84-85). Det. DeChant had testified that he was the primary affiant in a civil nuisance case involving 807 N. Mulberry Street, that he was familiar with the undercover drug buys conducted there, and that the house had been boarded up. (*Id*).

**{¶10}** Appellant now appeals, raising the following Assignment of Error:

ASSIGNMENT OF ERROR

**{¶11}** "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE IN VIOLATION OF THE SENTENCING STATUTES."

**I.**

{¶12} In her sole Assignment of Error, Appellant argues the trial court erred in imposing a prison sentence in this matter. We disagree.

{¶13} R.C. §2953.08(G)(2), "Appeals based on felony sentencing guidelines" provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence * * *. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division 2929.13(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶14} "[A]ppellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶7. An appellate court may only modify or vacate a sentence if it finds by clear and

convincing evidence that the record does not support the sentencing court's decision. *Id.* at ¶23. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Silknitter,* 3rd Dist. Union No. 14–16–07, 2017–Ohio–327, ¶ 7 quoting, *Marcum, supra,* quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Marcum,* at ¶ 22 quoting *Ledford.*

**{¶15}** R.C. §2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

**{¶17}** Initially, we note that Appellant does not argue that the trial court failed to make the appropriate sentencing findings. Instead, Appellant, in part, disagrees with the trial court's seriousness findings under R.C. §2929.12, as well as the trial court's imposition of a prison sentence rather than community control.

**{¶18}** Upon review of the record before us, as set forth above, the trial court made the following sentencing findings on the record: Appellant had allowed a known drug dealer to move into her house and had created a risk to the neighborhood and to law enforcement in apprehending him (Sent. T. at 15); Appellant committed the offense in Case No. 17CR11-0274 while awaiting trial on Case No. 17CR08-0172 (Sent. T. at 17); Appellant was not amenable to community control having been screened for treatment at the West Central Community Based Correctional Facility, became combative with the screener and stated that she did not need the help the CBCF could provide (Sent. T. at

16:1-18). The trial court, in imposing a prison sentence, explained "I just don't know what else to do with you." *Id.* The court also stated that law enforcement had to put extra effort into abating the nuisance that was created by the drug dealing at Appellant's residence. (Sent T. 18:1-4).

**{¶19}** We further find that the trial court, in its Sentencing Entry, stated that it found Appellant committed one or more offenses while she awaited trial or sentencing (R.C. §2929.14(C)(4)(a)), and that Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Appellant (R.C. §2929.14(C)(4)(c)). (*See* (May 1, 2018, Sentencing Entry at 2). Additionally, the trial court stated:

> The Court noted on the record that the circumstances of the defendant's conduct in connection with the crime created a serious threat to the safety of the community in which the Defendant lives, and a threat to the safety of the law enforcement officers who were involved in her arrest. (May 1, 2018, Sentencing Entry at 2).

**{¶20}** Based on our review, we find that the record demonstrates that the trial court made the seriousness findings pursuant to R.C. 2929.12(B) & (C). Here, the trial court's sentence was within the statutory range. Moreover, the record reveals that the trial court properly considered the statutory purposes and factors of felony sentencing

**{¶21}** Accordingly, we find that the trial court did not err in the imposition of Appellant's prison sentence and did not fail to consider the statutory factors required when imposing a prison sentence.

**{¶22}** Appellant's assignment of error is overruled.

{¶23} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Knox County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0423